**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RAHEEL SADIQ, | |
| *Plaintiff*, | Civil Action No. 25 - 2448 (SLS) |
| v. | Judge Sparkle L. Sooknanan |
| MARCO RUBIO, Secretary of State, *et al.*, | |
| *Defendants*. | |

## MEMORANDUM OPINION

Raheel Sadiq, a citizen of Germany, applied for a B1/B2 visa in 2018. Over six years later, the Department of State requested that he submit another application, which he completed at the end of 2024. After his visa interview in 2024, his application was placed into administrative processing, and the State Department has taken no further action since then. In July 2025, Mr. Sadiq sued several officials charged with overseeing the United States' immigration system, seeking an order directing them to adjudicate his visa application. The Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Although the Court understands that Mr. Sadiq has been waiting for many years for an opportunity to visit the United States, it must dismiss his Complaint because his claim of unreasonable delay fails.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Mr. Sadiq is a citizen and resident of Germany. Compl. ¶ 10, ECF No. 1. In April 2018, he submitted a Form DS-160 to apply for a B1/B2 visa. Compl. ¶ 20. "A B1/B2 visa allows individuals who have a residence in a foreign country which they have no intention of abandoning

to enter the United States for business or temporarily for pleasure." *Maui Hope v. Embassy of the U.S.*, No. 25-cv-654, 2025 WL 3687556, at \*1 (D.D.C. Dec. 19, 2025) (cleaned up). Soon after submitting the Form DS-160, Mr. Sadiq completed an interview with a consular officer at a U.S. embassy in Frankfurt, Germany. Compl. ¶ 21. After that interview, his application was placed in administrative processing. *Id.* "Subsequently," Mr. Sadiq "was asked to submit another Form DS-160 on October 28, 2024." Compl. ¶ 20. He completed a second interview in October 2024. Compl. ¶ 21. His application was again placed in administrative processing and remains in that status. *See* Compl. ¶ 22.

In July 2025, Mr. Sadiq sued the Secretary of State and other officials charged with overseeing the United States' immigration system. Compl. He alleges that the Defendants have unreasonably delayed adjudicating his visa application, and he seeks a writ of mandamus and relief under the Administrative Procedure Act (APA). Compl. ¶¶ 2, 39–40. In September 2025, the Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. Dismiss, ECF No. 3. That motion is fully briefed and ripe for review. *See* Opp'n, ECF No. 4; Reply, ECF No. 5.

## LEGAL STANDARD

Under Rule 12(b)(6), a court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Rule 12(b)(6), courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotations omitted). But courts need not accept as true "a legal conclusion couched as a factual

2

allegation," nor an inference unsupported by the facts set forth in the complaint. *See Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**DISCUSSION**

The Defendants make several arguments in support of dismissal, including that they have no obligation to adjudicate visa applications and that Mr. Sadiq's claims are barred by the doctrine of consular non-reviewability. Mot. Dismiss 4, 9. The Court has previously addressed and rejected identical arguments in similar cases. *See Thein v. Trump*, No. 25-cv-2369, 2025 WL 2418402, at *7–11, (D.D.C. Aug. 21, 2025); *Motevali v. Rubio*, No. 24-cv-1029, 2025 WL 885116, at *5–6 (D.D.C. Mar. 21, 2025). Here, however, the Court need not address these arguments because, even assuming that Mr. Sadiq prevails on those issues, his claims ultimately fail. *See Dep't of State v. Muñoz*, 602 U.S. 899, 908 n.4 (2024) ("[T]he doctrine of consular nonreviewability is not jurisdictional[.]"); *Sereshti v. Gaudiosi*, No. 24-cv-1288, 2024 WL 4625802, at *6 (D.D.C. Oct. 30, 2024) (assuming without deciding the existence of a nondiscretionary duty and collecting cases).

"The standards for reviewing agency inaction—including visa processing delays—are the same under the APA and Mandamus Act, so the Court will address both claims together." *Thein*, 2025 WL 2418402, at *10 (quoting *Doroodchi v. Rubio*, No. 24-cv-3170, 2025 WL 1865114, at *2 (D.D.C. July 7, 2025)). "Unreasonable delay is measured by six factors derived from a single case: . . . *Telecommunications Research and Action Center v. F.C.C.* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984)." *Motevali*, 2025 WL 885116, at *6. The so-called *TRAC* factors are:

> (1) The time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities or a higher or competing priority; (5) the court should also take

3

into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."

*In re People's Mojahedin Org. of Iran*, 680 F.3d 832 836–37 (D.C. Cir. 2012) (per curiam) (quoting *In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999)).[1] "[C]ourts applying the *TRAC* factors at the motion-to-dismiss stage apply them 'not to determine whether there has been an unreasonable delay, but to determine if a plaintiff's complaint alleged facts sufficient to state a plausible claim for unreasonable administrative delay.'" *Motevali*, 2025 WL 885116, at *6 (quoting *Giza v. Blinken*, No. 23-cv-1641, 2024 WL 3967284, at *5 (D.D.C. Aug. 27, 2024)). Here, Mr. Sadiq's Complaint is insufficient to allege a claim of unreasonable delay.

*Factors one and two*: "The first two *TRAC* factors focus on the extent of and reasons for the agency delay." *Thein*, 2025 WL 2418402, at *12 (quoting *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 816 (D.C. Cir. 2024)). "The first factor, which is 'the most important consideration under *TRAC*,' is that 'the time agencies take to make decisions must be governed by a rule of reason.'" *Id.* (quoting *Afghan & Iraqi Allies*, 103 F.4th at 816). And "[t]he second factor 'gives content to the first': 'where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason.'" *Id.* (quoting *Afghan & Iraqi Allies*, 103 F.4th at 816).

"Here, the Defendants have not provided a rule of reason, but the factors still weigh in their favor." *Motevali*, 2025 WL 885116, at *7. "[W]ithout a mandatory timetable for which visas must

---

[1] "Although *TRAC* set forth this framework to assess whether agency delays are so egregious as to warrant mandamus under the All Writs Act, the D.C. Circuit has routinely applied the same framework to assess claims that agency action has been unreasonably delayed for purposes of the Administrative Procedure Act." *Thein v. Trump*, No. 25-cv-2369, 2025 WL 2418402, at *12, (D.D.C. Aug. 21, 2025) (internal quotation marks omitted) (quoting *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 815 (D.C. Cir. 2024)).

be adjudicated, courts in this District 'typically turn to case law as a guide,' . . . and here, case law is firmly on the Defendants' side." *Id.* (quoting *Niyomwungere v. Blinken*, No. 24-cv-1990, 2024 WL 5075827, at *4 (D.D.C. Dec. 11, 2024)). "Courts in this District label delays 'between three to five years' as reasonable and generally extend the 'unreasonable' label to delays more than five years." *Id.* (quoting *Ahmed v. Blinken*, 759 F. Supp. 3d 1, 12 (D.D.C. 2024)).

Here, the Parties offer different measurements of the delay suffered by Mr. Sadiq. Mr. Sadiq understandably counts his delay as starting when he submitted his first Form DS-160 in April 2018, and by that measure, he has been waiting over seven years. Opp'n 8, 20. The Defendants start the clock when he was last interviewed—meaning that only about nine months elapsed before he filed this lawsuit. Reply 9. Unfortunately for Mr. Sadiq, the weight of authority in this District aligns with the Defendants' measurement. Under this District's prevailing approach, "[t]he proper method for calculating delay . . . is the length of time between the last action the government took on a visa application and the filing of plaintiff's complaint." *Isse v. Whitman*, No. 22-cv-3114, 2023 WL 4174357, at *6 n.4 (D.D.C. June 26, 2023); *accord Motevali*, 2025 WL 885116, at *7; *Barazandeh v. U.S. Dep't of State*, No. 23-cv-1581, 2024 WL 341166, at *7 n.7 (D.D.C. Jan. 30, 2024). Mr. Sadiq completed his second visa interview in October 2024, and he filed this lawsuit in July 2025. That means that the relevant delay he suffered was about nine months. "While there is currently no bright line that makes a delay per se unreasonable, [nine months] is simply not enough." *Motevali*, 2025 WL 885116, at *7 (cleaned up). Thus, these factors weigh in favor of the Defendants.

*Factors three and five*: "These factors 'focus on the interests affected by agency delay.'" *Thein*, 2025 WL 2418402, at *13 (quoting *Afghan & Iraqi Allies*, 103 F.4th at 817). They "examine 'the nature and extent of the interests prejudiced by the delay,' including whether 'human health

5

and welfare' might be implicated." *Isse*, 2023 WL 4174357, at *7. This factor is neutral. Mr. Sadiq says little about how the delay has affected him. He represents that he has "incurred enormous costs and significant attorney's fees," Compl. ¶ 41, and he suggests that the Defendants' inaction "inflicts ongoing human and economic harm," Opp'n 24—but he does not explain why or otherwise clarify why he is seeking a visa. Given the lack of any allegations regarding the interests at play, this factor does not weigh in favor of either Party.

*Factor four*: "The fourth factor addresses the effect of expediting delayed action on agency activities of a higher or competing priority." *Thein*, 2025 WL 2418402, at *13 (cleaned up). "This factor 'strongly disfavors' plaintiffs whose request is akin to cutting the line of applications ahead of them, which would 'disrupt competing agency priorities with no overall improvement in the [agency's] backlog.'" *Motevali*, 2025 WL 885116, at *8 (quoting *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 343 (D.C. Cir. 2023)). "This factor is important, as the D.C. Circuit has 'refused to grant relief, even though all the other factors considered in *TRAC* favored it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain.'" *Thein*, 2025 WL 2418402, at *13 (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)).

According to the Defendants, this is such a queue-jumping scenario. Mot. Dismiss 16–17. In response, Mr. Sadiq argues that the Defendants offer no evidence supporting that the government structures nonimmigrant-visa applications into a queue capable of being jumped. Opp'n 22–23. But at the motion-to-dismiss stage, the focus is on the "factual matter" alleged in the Complaint. *Ashcroft*, 556 U.S. at 678. Here, Mr. Sadiq's argument that the Defendants' approach is structureless is "entirely speculative" because his Complaint "pleaded no facts to support it." *Niyomwungere¸* 2024 WL 5075827, at *5. Mr. Sadiq also suggests that that even if

6

there is such a queue, concerns about queue-jumping cannot overcome the Defendants' duty to adjudicate his visa application. Opp'n 22–23. Yet an agency's duty to act will exist in every case applying the *TRAC* factors—indeed, the existence of such a duty is the precondition for applying those factors. *Da Costa*, 80 F.4th at 340. And Mr. Sadiq's position is inconsistent with the D.C. Circuit's approach to the fourth *TRAC* factor. *See Thein*, 2025 WL 2418402, at *13 (citing *Mashpee Wampanoag Tribal Council*, 336 F.3d at 1100). In similar cases—*i.e.*, challenges to visa-application delays in which the complaint is silent about the effect of relief on other visa applicants—courts have held that this factor favors defendants. *See, e.g.*, *Tehran v. Rubio*, No. 25-cv-1584, 2025 WL 3551629, at *7 (D.D.C. Dec. 11, 2025); *Dalmar v. Blinken*, No. 23-cv-3315, 2024 WL 3967289, at *5 (D.D.C. Aug. 26, 2024); *Sheibani v. Garland*, No. 23-cv-2773, 2024 WL 3043156, at *5 (D.D.C. June 18, 2024). The Court concludes that this factor favors the Defendants here too.

*Factor six*: Finally, the sixth *TRAC* factor "notes that 'the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.'" *Afghan & Iraqi Allies*, 103 F.4th at 820 (quoting *TRAC*, 750 F.2d at 80). Here, both Parties agree that the Plaintiff has not alleged any impropriety. Opp'n 24; Reply 15. This factor is neutral.

*    *    *

The Court concludes that Mr. Sadiq's Complaint has failed to allege facts stating a plausible claim for unreasonable delay. Based on the alleged facts, several *TRAC* factors—including the most important factors—weigh in favor of the Defendants, and the other factors are neutral. Accordingly, the factors tilt against Mr. Sadiq. Again, the Court understands Mr. Sadiq's

7

frustrations with the well-documented delays in our visa-adjudication system. But the *TRAC* factors squarely require dismissal of his Complaint.

**CONCLUSION**

For the foregoing reasons, the Court grants the Defendants' Motion to Dismiss, ECF No. 3. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:    April 3, 2026